O

```
                                                           O
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEVERLY OAKS PHYSICIANS SURGICAL CENTER, LLC, A California Limited Liability Company<br><br>          Plaintiff,<br><br>  v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS; and Does 1 through 100;<br><br>          Defendants. | CV 18-3866-RSWL-JPR<br><br>**ORDER re: Defendant's Motion to Dismiss** [13] |

Currently before the Court is Defendant Blue Cross Blue Shield of Illinois' ("Defendant") Motion to Dismiss [13] ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion **WITH LEAVE TO AMEND**.

1

**I. BACKGROUND**

**A.   Factual Background**

Plaintiff Beverly Oaks Physicians Surgical Center ("Plaintiff") is an ambulatory surgery center located in Sherman Oaks, California. Compl. ¶ 4, ECF No. 1. Defendant Blue Cross Blue Shield of Illinois ("Defendant") is a managed care company that, among other things, insures and/or administers employer health plans typically governed by ERISA. Id. ¶ 6. Defendant carries out its health insurance business activities in each state where covered employees and their dependents are located. Id. ¶ 8. Plaintiff brings this Action as the assignee of patients seeking recovery of ERISA benefits they allege Defendant owes them. Id. ¶ 26.

Plaintiff provided surgery center facility services to fourteen patients enrolled in health plans governed by ERISA. Id. ¶ 14, 24. When the patients came to Plaintiff for surgery center services, they presented medical insurance cards in the name of Defendant. Id. ¶ 16. Plaintiff alleges that each of the fourteen patients assigned their health plan benefits to Plaintiff, and that Plaintiff submitted 27 claims for the services provided to Defendant. Id. ¶ 17.

Plaintiff is an "out-of-network" provider for each claim at issue, so its custom was to contact a Defendant representative by telephone to discuss the proposed surgery in advance, and the representative

2

would advise Plaintiff whether the surgery would be covered under that patient's plan. Id. ¶ 18. Plaintiff alleges that at no time during any of these communications did Defendant indicate it would assert an "anti-assignment clause" in any ERISA Plan as a basis to bar payment. Id. ¶ 20. Plaintiff also alleges that neither did Defendant assert an anti-assignment clause during the administrative review phase, in which Defendant provided "Explanation[s] of Benefits" to Plaintiff to explain the underpayments or non-payments with respect to the claims submitted. Id. ¶¶ 28-29. Plaintiff alleges that the aggregate amounts billed for the claims is $1,406,499.25 and the aggregate amounts Defendant paid is $130,683.57. Id. ¶¶ 17, 21; id. Ex. C. Plaintiff now seeks recovery for the underpayment or denial of benefits for the claims submitted to Defendant. Id. ¶ 39.

**B.  Procedural Background**

Plaintiff filed its Complaint [1] on May 9, 2018 for recovery of benefits under ERISA. Defendant filed the instant Motion [13] on August 6, 2018. Plaintiff filed its Opposition [14] on August 31, 2018, and Defendant filed its Reply on September 11, 2018 [15].

## II. DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief

3

can be granted. A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988)(citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. <u>Jackson v. Birmingham Bd. of Educ.</u>, 544 U.S. 167, 184 (2005) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). However, a complaint "should not

be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Balistreri, 901 F.2d at 699 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**B.  Discussion**

    1.   Standing under ERISA § 1132(a)(1)

To have standing to state a claim under ERISA, "a plaintiff must fall within one of ERISA's nine specific civil enforcement provisions, each of which details who may bring suit and what remedies are available." Reynolds Metals Co. v. Ellis, 202 F.3d 1246, 1247 (9th Cir. 2000) (citing 29 U.S.C. §§ 1132(a)(1)-(9)). ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), identifies plan participants, beneficiaries, fiduciaries, and the Secretary of Labor as "[p]ersons empowered to bring a civil action." See Misic v. Bldg. Serv. Emps. Health & Welfare Trust, 789 F.2d 1374, 1378 (9th Cir. 1986). A non-participant health care provider cannot bring claims for benefits on its own behalf, but must do so "derivatively, relying on its patient's assignments of their benefits claims." Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc., 770 F.3d 1282, 1289 (9th Cir. 2014).

Here, Plaintiff is a health care provider and neither a participant nor a beneficiary itself. Plaintiff alleges it has standing to sue under ERISA as an assignee of benefits due to Plan members and their

5

dependents. Compl. ¶¶ 25-27. Defendant argues that Plaintiff lacks standing because at least 20 of the 27 claims at issue were made under plans containing anti-assignment provisions. Notwithstanding any plausible allegations regarding standing, Plaintiff may lack standing if the relevant plans at issue here contain valid and unambiguous anti-assignment provisions. See Spinedex, 770 F.3d at 1296 (affirming district court's holding that an anti-assignment provision prevented patients from assigning claims); Davidowitz v. Delta Dental Plan of Cal., Inc., 946 F.2d 1476, 1477 (9th Cir. 1991)("ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan."); Long Beach Mem'l. Med. Ctr. v. Cal. Mart Empl. Benefit Plan, No. 97-56624, 1999 U.S. App LEXIS 3346, at *2 (9th Cir. Feb. 22, 1999)("Because this court has held that non-assignment clauses are valid under ERISA, the district court did not err by concluding that Medical Center failed to state a claim because it lacked standing.").

Defendant attached three exhibits to its Motion that include: (1) Summary Plan Description for the Teamsters Western Region & Local 177 Health Care Plan; (2) Summary Plan Description for the Williams Lea Health Care Plan; and (3) Summary Plan Description for the Woodward, Inc. Health Care Plan, (collectively, the "Plan documents"). Dissen Decl. ¶¶ 4-6, ECF No. 13-2. Ordinarily, a court may look only at the face of the

complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). However, "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Group, Inc., 99 F. Supp. 3d 1110, 1124-25 (C.D. Cal. 2015)(citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (footnote omitted)), *superseded by statute on unrelated grounds in* McManus v. Mcmanus Fin. Consultants, Inc., 552 Fed.Appx. 713 (9th Cir. 2014). The incorporation by reference doctrine "permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleadings.'" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Plaintiff does not identify any of its members' plans by name in the Complaint and instead references the plans generally as the "ERSIA Plans." See generally Compl. While Plaintiff does not explicitly refer to the names of the three Plan documents, Plaintiff's Complaint relies on the Plan documents because it is by those documents that Plaintiff requests recovery as an assigned beneficiary of those plan members. Moreover, Plaintiff does not

7

dispute the authenticity of the Plan documents. In fact, Plaintiff acknowledges the Plan documents are the plans that it relies on for 13 of its 14 patients. Opp'n at 7:24-8:2 (referencing the Dissen decl. and arguing, "there is no need for plaintiff's Complaint to be amended to identify ERISA Plans that have already been identified" by Ms. Dissen). Thus, the Court may appropriately consider the Plan documents.

Upon review of the Plan documents, fourteen of the claims at issue are under the Teamsters Western Region & Local 177 Health Care Plan, which provides that "[b]enefits are not assignable, although the Fund will honor qualified medical child support orders." Dissen Decl., Ex. A 45, ECF No. 13-2. Five of the claims at issue are under the Williams Lea Inc. Health Care Plan, and one claim is under the Woodward Inc. Health Care Plan, both providing that the plans are "expressly non-assignable." See id., Ex. B at 106. Together, the Plan documents account for 13 of the 14 patients Plaintiff is seeking recovery for.[1]

Plaintiff argues that the anti-assignment clauses should not be given effect because estoppel and waiver preclude application of the provisions. The Court takes these in turn in the following sections.

---

[1] Patients A-D, F-J, L, and N, were enrolled in Teamsters Western Region & Local 177 Health Care Plan; Patient K was enrolled in Williams Lea Inc. Health Care Plan; and Patient M was enrolled in Woodward, Inc. Health Care Plan. Dissen Decl. ¶¶ 4-6. This leaves Patient E whose plan is unaccounted for.

8

a.  *Estoppel*

Estoppel principles can apply to an ERISA claim for recovery of benefits. <u>Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Group, Inc.</u>, 99 F. Supp. 3d 1110, 1135 (C.D. Cal. 2015)(citing <u>Gabriel v. Alaska Electric Pension Fund</u>, 755 F.3d 647, 655-58 (9th Cir. 2014)). In order for estoppel to apply to a substantive claim for ERISA benefits, several elements must be pleaded. First, the party invoking estoppel must allege the traditional elements of estoppel: "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." See <u>id.</u> (citations omitted). In addition to the traditional elements, a party asserting estoppel "must also allege: (1) extraordinary circumstances; (2) 'that the provisions of the plan at issue were ambiguous such that reasonable persons could disagree as to their meaning or effect'; and (3) that the representations made about the plan were an interpretation of the plan, not an amendment or modification of the plan." See <u>id.</u> (citations omitted).

Plaintiff's Complaint combines its allegation for waiver and estoppel by pleading that Defendant did not assert an anti-assignment clause in the course of its

pre-surgery telephone communications with Plaintiff's representatives, and in the course of the post-surgery administrative review process. Compl. ¶ 29. Plaintiff alleges facts showing a reliance on Defendant's representations made during pre-surgery phone calls that each patient's proposed surgeries would be covered, and that "[b]ut for the advance telephone representations of the Defendant entity representatives in affirming Plaintiff's right to receive payment," Plaintiff would not have provided the surgery services. Id. ¶¶ 18-19. While Plaintiff alleges Defendant had "knowledge of Plaintiff's status of an assignee," see id., Plaintiff does not allege that Defendant made representations during these calls that the benefits discussed were assignable, or that Defendant intended Plaintiff to believe they were assignable. See Brand Tarzana Surgical Inst., Inc. v. Int'l Longshore & Warehouse Union-pacific Mar. Ass'n Welfare Plan, No. CV 14-3191 FMO (AGRx), 2016 WL 3480782, at *7 (C.D. Cal. Mar. 8, 2016)(plaintiff had not stated a claim that the plan was estopped from relying on its anti-assignment clause because "[a] representation that Brand was eligible to receive Plan benefits is not a misrepresentation regarding the existence or applicability of an anti-assignment provision"). Plaintiff argues that Defendant failed to disclose the anti-assignment provisions, however Plaintiff did not allege that the Plan documents containing such

10

provisions were not available or accessible to Plaintiff or its patients. See Care First Surgical Ctr. v. ILWU-PMA Welfare Plan, No. CV 14-01480 MMM (AGRx), 2014 WL 12573014, at *15 (C.D. Cal. 2014) (finding plaintiff failed to adequately allege plan agreements were not available to it).

Because Plaintiff does not allege any misrepresentations about the anti-assignment provisions itself, Plaintiff does not plead sufficient facts supporting an estoppel claim.

    b.  *Waiver*

"Waiver is often described as the intentional relinquishment of a known right." Gordon v. Deloitte & Touche, LLP Group Long Term Disability Plan, 749 F.3d 746, 752 (9th Cir. 2014). When an insurer communicates a denial of a claim, it must state a reason for the denial and it will not be permitted to later rely on alternate reasons not presented in the denial letter. See, e.g., Harlick v. Blue Shield of California, 686 F.3d 699, 719 (9th Cir.2012) ("A plan administrator may not fail to give a reason for a benefits denial during the administrative process and then raise that reason for the first time when the denial is challenged in federal court, unless the plan beneficiary has waived any objection to the reason being advanced for the first time during the judicial proceeding.").

Plaintiff alleges that Defendant waived the anti-assignment clause by failing to assert it during the

administrative review process. Compl. ¶¶ 28-30. Defendant argues that the anti-assignment provision is a litigation defense, not a substantive basis for claim denial, thus it was not relevant to raise until Plaintiff sought to sue as an assignee. Indeed, several courts, including the Ninth Circuit, have held that when raising the anti-assignment provision to contest standing, it is not waived for failure to raise it during the claim administration process. See Eden Surgical Ctr. v. Cognizant Tech. Sols. Corp., 720 F. App'x 862, 863 (9th Cir. 2018); Brand Tarzana Surgical Inst., Inc. v. Int'l Longshore & Warehouse Union-Pac. Mar. Ass'n Welfare Plan, 706 F. App'x 442, 443 (9th Cir. 2017)(finding no need to raise the anti-assignment provision during claim administration process because it is a "litigation defense, not a substantive basis for claim denial").

Plaintiff argues it sufficiently pleads facts showing Defendant knew Plaintiff was acting as an assignee because Plaintiff has directly billed Defendant. Compl. ¶ 21. Plaintiff alleges its billing statements included the date and nature of services rendered, the identity of the insured member and/or dependent, and his or her applicable member Plan ID. Id. ¶ 21; id. Ex. B., ECF No. 1-2. Plaintiff also alleges each billing form has a checked box on the form affirming Plaintiff was asserting its claim for payment as an assignee. Id. ¶ 22. However, "direct

communications and payment are insufficient evidence of a clear and convincing waiver of the non-assignment provision." See Pac. Shores Hosp. v. Backus Hosp. Med. Benefit Plan, No. CV 04-7935 ABC (PLAx), 2005 WL 8154685, at *3 (C.D. Cal. May 18, 2005)(granting motion to dismiss for lack of standing due to anti-assignment provision). As Defendant points out, the Teamsters Western Region & Local 177 Health Care Plan explicitly provides that benefits will be paid directly to the provider or facility, "however, the fact that the Plan may pay benefits directly to a provider does not give such provider 'Beneficiary' status under ERISA." Dissen Decl., Ex. A at 60. Accordingly, Plaintiff's allegation of direct payments is insufficient. See Care First, 2014 WL 12573014, at *17 (rejecting waiver argument where "the plan agreements expressly contemplate direct payment to persons"); Brand Tarzana, 706 F. App'x at 443 ("[N]othing about the direct payment clauses suggests that providers rather than beneficiaries are entitled to sue the Plan over the breach of its obligation to make direct payments."). Ultimately, Plaintiff has not pleaded facts showing Defendant intentionally relinquished any known rights pertaining to the anti-assignment clauses and as such, has not pleaded a valid waiver claim.

In sum, Defendant has shown that 13 of the 14 patients' plans contain anti-assignment provisions. Because Plaintiff fails to adequately allege waiver and

estoppel, Plaintiff lacks standing to bring an ERISA claim for those 13 patients. As to the remaining patient, Plaintiff fails to allege this patient's plan or any facts relating to its terms. This is insufficient to state claim for recovery of benefits under ERISA. Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co., No. 10-CV-04911-EJD, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011) ("Failure to identify the controlling ERISA plans makes a complaint unclear and ambiguous."). Therefore, the Court **GRANTS** Defendant's Motion to Dismiss.

    2. <u>Leave to Amend</u>

A party may amend the complaint once "as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a). After that, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." <u>Id.</u> Leave to amend lies "within the sound discretion of the trial court." <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981). The Ninth Circuit has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to amend when justice so requires.'" <u>Gabrielson v. Montgomery Ward & Co.</u>, 785 F.2d 762, 765 (9th Cir. 1986)(quoting <u>Howey v. United States</u>, 481 F.2d 1187, 1190 (9th Cir. 1973)). Here, Plaintiff has yet to file

an amended complaint.  It is likely that Plaintiff will be able to cure the factual deficiencies in these claims upon amendment.  Therefore, the Court **GRANTS** leave to amend.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss **WITH LEAVE TO AMEND.** Plaintiff shall have 21 days from this date to file its First Amended Complaint.

**IT IS SO ORDERED.**

DATED: November 8, 2018        s/ RONALD S.W. LEW

                                           **HONORABLE RONALD S.W. LEW**
                                           Senior U.S. District Judge