O

                                                                  JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| BEVERLY OAKS PHYSICIANS SURGICAL CENTER, LLC, A California Limited Liability Company, | CV 18-3866-RSWL-JPR |
|---|---|
| Plaintiff, | **ORDER re: Defendant's Motion to Dismiss Plaintiff's SAC** [31] |
| v. | |
| BLUE CROSS BLUE SHIELD OF ILLINOIS; and Does 1 through 100; | |
| Defendants. | |

Currently before the Court is Defendant Blue Cross Blue Shield of Illinois' ("Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint [31] ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion **WITHOUT LEAVE TO AMEND.**

1

## I. BACKGROUND

### A. Factual Background

Plaintiff Beverly Oaks Physicians Surgical Center, LLC, ("Plaintiff") brings this Action against Defendant for recovery of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff is an ambulatory surgery center located in Sherman Oaks, California. Second Am. Compl. ("SAC") ¶ 3, ECF No. 30. Defendant is a managed care company that, among other things, insures and/or administers employer health plans typically governed by ERISA. Id. ¶ 6. Defendant carries out its health insurance business activities in each state where covered employees and their dependents are located. Id. ¶ 8. Plaintiff brings this Action as the purported assignee of patients seeking recovery of ERISA benefits they allege Defendant owes them. Id. ¶¶ 14-16.

Plaintiff provided surgery center facility services to eleven patients[1] enrolled in the Teamsters Western Region & Local 177 Health Care Plan ("Teamsters Plan"), a health plan governed by ERISA.[2] Id. ¶¶ 10, 11.

---

[1] Patients A, B, C, D, F, G, H, I, J, L, and N are all covered under the Teamsters Plan. SAC ¶ 10.

[2] Plaintiff previously alleged that it also provided services to two patients—M and K—enrolled in the Woodward, Inc. Plan and Williams Lea Inc. Health Care Plan (collectively, "Woodward and Williams Lea Plans"), and for one patient, Patient E, whom Plaintiff was unable to locate an applicable ERISA Plan document for. First Am. Compl. ("FAC") ¶¶ 31, 12-14, ECF No. 18.

Plaintiff alleges that all of these patients assigned their health plan benefits to Plaintiff and that Plaintiff submitted seventeen claims for medical services provided to these patients. Id. ¶¶ 21, 46; see id., Ex. A, ECF No. 30-1. Plaintiff alleges that Defendant failed to pay Plaintiff's full billed charges, and that as an assignee of these benefits, it is entitled to recover additional payments from Defendant. Id. ¶¶ 38, 39.

Defendant has provided the Teamster's Summary Plan Description document ("Teamsters SPD"). Id. ¶ 17. The Teamsters SPD contains the following clause in a section titled "General Provisions": "Participants are generally responsible for notifying the Fund of changes in family circumstances. Benefits are not assignable, although the Fund will honor qualified medical child support orders." Id. The parties dispute whether this clause is a valid anti-assignment provision ("AAP"). The Teamsters SPD is not by itself the Teamsters Plan document, but it expressly references Article X of the Teamsters Plan Rules and Regulations. Id. ¶ 18. Article X of the Teamster Plan Rules and Regulations, Section B provides:

> Benefits payable hereunder shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, or charge by any person; however, any Eligible

---

The Court granted Defendant's Motion to Dismiss Plaintiff's FAC without leave to amend as to these three patients, and as such, these claims are no longer before the Court.

> Employee may direct that benefits due him/her, except benefits payable under Article III, be paid to an institution in which he/she or his/her Dependent is hospitalized, or to any provider of medical, dental or vision care services or supplies in consideration for Hospital, medical, dental or vision care services rendered or to be rendered.
>
> Notwithstanding the foregoing, the Fund will honor any "qualified medical child support order" as defined by ERISA Section 609, received with respect to the Fund, and will make any payment required by ERISA Section 609 to a State which has acquired rights under that Section.

Id. ¶ 20; see id., Ex. D at 59.

## B. Procedural Background

Plaintiff filed its Complaint [1] on May 9, 2018 for recovery of benefits under ERISA. Defendant filed a Motion to Dismiss [13] on August 6, 2018. This Court granted Defendant's Motion to Dismiss with leave to amend [17] on November 8, 2018.[3] On November 29, 2018, Plaintiff filed its First Amended Complaint ("FAC") [18]. On December 13, 2018, Defendant filed a Motion to Dismiss Plaintiff's FAC [19], which the Court granted on February 27, 2019 [29]. Specifically, the Court dismissed without leave to amend Plaintiff's claims under the Woodward & Williams Lea Plans, and Plaintiff's claim brought on behalf of Patient E. The Court granted leave to amend solely as to Plaintiff's

---

[3] The Court found that Plaintiff did not adequately allege standing to bring an ERISA claim on behalf of the patients, as 13 of the 14 patients' plans appeared to contain anti-assignment provisions, and Plaintiff did not allege the terms of or identify the remaining patient's plan (Patient E). See Order 13:26-14:11, ECF No. 17. The Court also found that Defendant did not adequately plead estoppel or waiver. Id.

claims under the Teamsters Plan.

On March 20, 2019, Plaintiff filed its SAC [30]. On April 3, 2019, Defendant filed the instant Motion to Dismiss Plaintiff's SAC [31]. Plaintiff timely opposed [33], and Defendant timely replied [34].

## II. DISCUSSION

**A. <u>Legal Standard</u>**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988)(citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991). The question is not

whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, a complaint "should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Balistreri, 901 F.2d at 699 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**B. Discussion**

This case is now before the Court for the third time in the context of a motion to dismiss for failure to state a claim regarding the issue of standing under ERISA. To have standing to state a claim under ERISA, "a plaintiff must fall within one of ERISA's nine specific civil enforcement provisions, each of which details who may bring suit and what remedies are available." Reynolds Metals Co. v. Ellis, 202 F.3d 1246, 1247 (9th Cir. 2000) (citing 29 U.S.C. §§ 1132(a)(1)-(9)). ERISA's civil enforcement provision, 29 U.S.C. §1132(a), identifies plan participants, beneficiaries, fiduciaries, and the Secretary of Labor

as "[p]ersons empowered to bring a civil action." See Misic v. Bldg. Serv. Emps. Health & Welfare Trust, 789 F.2d 1374, 1378 (9th Cir. 1986). A non-participant health care provider cannot bring claims for benefits on its own behalf, but must do so "derivatively, relying on its patient's assignments of their benefits claims." Spinedex Physical Therapy USA Inc. v. United Healthcareof Arizona, Inc., 770 F.3d 1282, 1289 (9th Cir. 2014). A plaintiff lacks standing if the relevant ERISA plan contains a valid and unambiguous AAP. See id. at 1296 (affirming district court's holding that an anti-assignment provision prevented patients from assigning claims); Davidowitz v. Delta Dental Plan of Cal., Inc., 946 F.2d 1476, 1477 (9th Cir. 1991)("ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan.").[4]

The Court previously granted Defendant's Motion to

---

[4] Plaintiff argues that there is a conflict in the Ninth Circuit, specifically that enforcing AAPs is inconsistent with Misic. Plaintiff brings this argument now, for the first time, despite briefing this issue twice before this Court on a motion to dismiss, and despite the Court laying out the Ninth Circuit case law twice before in its Orders. Contrary to Plaintiff's argument, there is no Ninth Circuit split that the Court is aware of as to the enforceability of AAPs. Misic held that there is no statutory bar to assignments of welfare benefits, but did not itself deal with AAPs. In fact, every Ninth Circuit decision since Misic that has addressed AAPs, has found them to be enforceable. See, e.g., DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc., 852 F.3d 868, 876 (9th Cir. 2017); Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc., 770 F.3d 1282, 1296 (9th Cir. 2014); Brand Tarzana Surgical Inst., Inc. v. Int'l Longshore & Warehouse Union-Pac. Mar. Ass'n Welfare Plan, 706 F. App'x 442, 443 (9th Cir. 2017).

Dismiss Plaintiff's FAC [19], in which it dismissed Plaintiff's claims on behalf of the patients enrolled under the Woodward and Williams Lea Plans finding that a valid AAP barred those claims. <u>See</u> Order re Def.'s Mot. to Dismiss FAC, ECF No. 29. As to the eleven patients under the Teamsters Plan, the Court found that the purported AAP within the Teamsters SPD would bar Plaintiff's claims if it were found to be valid and unambiguous, but the Court declined to make such a determination. As such, the Court dismissed Plaintiff's claim under the Teamster's Plan but granted leave to amend because it found that it was at least plausible the Rules and Regulations of the Teamsters Plan, not before the Court at the time, could elaborate on whether Plaintiff's claims fall within an exception in which the AAP would not apply. <u>See</u> <u>id.</u>

The Teamsters SPD contains the following clause that Defendant argues, as it has previously, is a valid AAP:

> Participants are generally responsible for notifying the Fund of changes in family circumstances. Benefits are not assignable, although the Fund will honor qualified medical child support orders.

SAC ¶ 17. Plaintiff's SAC now attaches the Rules and Regulations from the Teamsters Plan for the first time. Defendant argues that with the terms of the Teamsters Plan before the Court now, there is no doubt that the AAP bars Plaintiff's claims. Plaintiff argues that the

8

language contained in the Rules and Regulations of the Teamsters Plan itself is materially different from the purported AAP in the Teamsters SPD. Specifically, Plaintiff argues that the SPD is not absolute and that the Rules and Regulations contain an exception for benefits payable to a medical services provider in consideration for hospital, medical, dental, or vision care services rendered or to be rendered. Pl.'s Opp'n 6:5-19, ECF No. 33. The relevant language contained in the Rules and Regulations, Section B of Article X General Provision ("Section B"), provides:

> Benefits payable hereunder shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, or charge by any person; however, any Eligible Employee may direct that benefits due to him/her, except benefits payable under Article III, be paid to an institution in which he/she or his/her Dependent is hospitalized, or to any provider of medical, dental or vision care services or supplies in consideration for Hospital, medical, dental or vision care services rendered or to be rendered.
>
> Notwithstanding the foregoing, the Fund will honor any 'qualified medical child support order' as defined by ERISA Section 609, received with respect to the Fund, and will make any payment required by ERISA Section 609 to a State which has acquired rights under that Section.

SAC ¶ 20; see id., Ex. D, Teamsters Plan Rules and Regulations 59, ECF No. 30-4.

Defendant argues that Section B is nothing more than a direct payment provision. Indeed, Section B prohibits the assignment of benefits, but allows "Eligible Employees" to direct any benefits other than

9

those payable under Article III, to be paid to a provider. Id. ¶ 20. The ability to assign benefits, and the ability to direct payment are not mutually exclusive, and here, the Court construes Section B to prohibit assignments but allow direct payments to providers. The Court has twice now emphasized that provisions allowing direct payments to the Provider do not afford the Provider "beneficiary" status under ERISA. See DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc., 852 F.3d 868, 875 (9th Cir. 2017) ("Neither a designation in a health benefit plan nor an assignment by a patient allowing a health care provider to receive direct payment for health services entitles a health care provider to "benefits" on its own behalf."); FAC Order at 18; Order re Mot. to Dismiss Compl. 13, ECF No. 17. Even if Section B's direct payment provision did confer standing to Plaintiff, it explicitly excludes benefits payable under Article III, which governs eligible medical expenses like the claims at issue here. See SAC, Ex. D at 33. Consequently, the Court rejects Plaintiff's argument that Section B contains an exception to the AAP.

Plaintiff alternatively argues that even if the AAP is valid, it would be contrary to the Financial Responsibility Agreement signed between Plaintiff and its patients. By signing this document the patients agree that the Financial Responsibility Agreement:

> [] [I]s a direct assignment of my rights and benefits under my insurance plan or policy. I further instruct and direct my insurance plan or policy to pay all entitled plan benefits at the stated plan benefit level directly to [Beverly Oaks] related to services rendered. I understand under applicable ERISA, state and/or federal regulatory guidelines that I have the right and authority to direct where payment for services rendered is sent. If my current policy prohibits direct payment to the provider of service, I under my rights per state and federal ERISA regulations hereby instruct and direct my insurance plan or policy to provide documentation stating such non-assignability clause to myself and [Beverly Oaks]. Upon proof of non-assignability documentation, I then instruct that my insurance plan or policy make out the check to me and mail it directly to [Beverly Oaks] at the address listed on the submitted claim for the professional or medical expense benefits.

SAC ¶ 27; see id., Ex. B, Financial Responsibility Agreement, ECF No. 30-2. However, the Court has already directly rejected this argument, finding that this agreement is between Plaintiff and its patients, and does not reflect the terms of an ERISA Plan, nor does it trump the AAP. See FAC Order at 20 (citing DB Healthcare, 852 F.3d at 876) ("While this agreement does demonstrate the patients' willingness to assign benefits, the 'governing employee benefit plans contain non-assignment clauses that override any purported assignments.'").

In sum, the Court finds that Section B does not contradict the Teamsters SPD, but in fact is consistent in providing an express AAP. As a result, Plaintiff lacks standing to bring its claims on behalf of the patients under the Teamsters Plan. See Spinedex, 770

F.3d at 1296 (affirming district court's holding that an anti-assignment provision prevented patients from assigning claims); <u>Mull for Mull v. Motion Picture Industry Health Plan</u>, 865 F.3d 1207, 1210 (9th Cir. 2017) (citation omitted) (finding SPDs are enforceable "so long as the SPD neither adds to nor contradicts the terms of existing Plan documents"). Because Plaintiff has previously been allowed two attempts to cure its deficiencies, and because the Rules and Regulations of the Teamsters Plan now shows there is a valid AAP denying Plaintiff standing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's SAC **WITHOUT LEAVE TO AMEND** as any further amendment would be futile.[5]

///
///
///
///
///

---

[5] Defendant argues that the Rules and Regulations establish that Plaintiff's claims are barred by a one-year contractual limitations period. The Rules and Regulations read that "[a]ny legal action or suit to secure judicial review of a claim determination must be filed within one year of the date of the final determination of the Trustees or their claim-review delegate, or judicial review is time barred." SAC, Ex. D at 60. The claims at issue were in 2014 and 2015, but Plaintiff brought this Action on May 9, 2018. The parties dispute whether there was a final determination here, causing the time to run, however the Court need not address this argument as it already found that the Rules and Regulations contain a valid AAP and that any amendment would be futile.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's SAC **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

DATED: June 20, 2019          <u>s/ RONALD S.W. LEW</u>
                              HONORABLE RONALD S.W. LEW
                              Senior U.S. District Judge